UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PATRICIA S. ANTHONY AND WILLIAM M. ANTHONY,

Plaintiffs,

v.

CAPITOL COMMERCE MORTGAGE CO.; COUNTRYWIDE HOME LOANS; MERS; BANK OF AMERICA HOME LOANS; RECONTRUST COMPANY; C.C.M.C. CO., a California Corporation; FIRST AMERICAN NATIONAL DEFAULT; BAC HOME LOAN SERVICING LP; TIMOTHY GEITHNER, U.S. Secretary of the Treasury; and ERIC HOLDER, U.S. Attorney General as Alien Property Custodian,

Defendants.

3:10-cv-169-RCJ-RAM

ORDER

Currently before the Court are the following motions: Motion to Strike Response to Motion for Preliminary Injunction (#14); Motion for Sanctions (#15); Motion for Reconsideration of Order Granting Preliminary Injunction (#19); Motion to Dismiss (#20); Motion to Amend Named Defendants (#26); Motion to Strike (#27); Motion for Contempt Ruling of Court Against Defendants (#28); Motion for Request for Judicial and Court Notice (#33); Motion to Amend Proposed Order Submission (#38); and Motion for Clerk to Issue Warrant (#66). Plaintiffs are proceeding *pro se*.

The Court heard oral argument on the motions on January 18, 2011.

///

///

///

## BACKGROUND

I. **Foreclosure Documents**[1]

William M. Anthony and Patricia S. Anthony, husband and wife, (collectively "Plaintiffs") executed a note secured by a deed of trust on a piece of property located on 3705 Anthony Place, Sun Valley, Nevada, 89433. (Deed of Trust (#21) at 16, 18; see Note (#21) at 30). The mortgage, dated June 21, 2002, was for $214,400. (Deed of Trust (#21) at 17). The lender on the deed of trust was Capitol Commerce Mortgage Co. (Id. at 16).[2] The trustee on the deed of trust was C.C.M.C. Co. (Id.). MERS was named "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (Id. at 17).[3]

On June 1, 2009, Plaintiffs defaulted on their mortgage payments for an unspecified amount. (See Notice of Default (#21) at 45).

On September 1, 2009, First American Title ("First American") filed a notice of default and election to sell under the deed of trust. (Id.). First American was acting as an agent for Recontrust Company. (Id. at 46). The notice of default named Recontrust the duly appointed trustee under the deed of trust. (Id. at 45). The notice of default identified the breach of obligations as "failure to pay the installment of principal, interest and impounds which became due on 06/01/2009 and all subsequent installments of principal, interest and impounds, together with all late charges, plus advances made and costs incurred by the beneficiary, including foreclosure fees and costs and/or attorneys' fees." (Id.).

---

[1] Defendants filed a request for judicial notice and attached copies of relevant publicly recorded documents. (See Request for Judicial Notice (#21)). This Court grants the request for judicial notice of these public records. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

[2] Plaintiffs allege that Capitol transferred the loan servicing rights to Countrywide, who later transferred the loan to Bank of America and BAC Home Loans Servicing. (Complaint (#1-1) at 11). There are no documents in Defendants' Request for Judicial Notice to establish this. (See Request for Judicial Notice (#21)).

[3] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. See Gomez v. Countrywide Bank, FSB, 2009 WL 3617650 at *2 (D. Nev. 2009).

2

On September 3, 2009, BAC Home Loans/Countrywide Home Loans notarized a substitution of trustee and replaced Recontrust as the trustee for C.C.M.C. Co. (Substitution of Trustee (#21) at 48-49).

## II. Preliminary Injunction

Plaintiffs, *pro se*, filed a complaint in federal court seeking to set aside and void a foreclosure sale and to cancel their note and the deed of trust against all known defendants. (*See* Complaint (#1-1)). The listed defendants were Capitol Commerce Mortgage Co., Countrywide Home Loans, BAC Home Loan Servicing LP, Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of America Home Loans, Recontrust Company, C.C.M.C. Co., First American National Default, Timothy Geithner, and Eric Holder. (*Id.* at 7, 9). On March 25, 2010, Plaintiffs filed a motion for a preliminary injunction to set aside and void a foreclosure sale. (Mot. for Preliminary Injunction (#3)). This Court heard oral argument on April 9, 2010, and granted the preliminary injunction. (*See* Docket Entry #12). This Court issued an order granting the preliminary injunction for 90 days, contingent upon: "(1) that within thirty (30) days the parties shall participate in a foreclosure mediation program for loan modification, (2) that the Plaintiff shall make monthly payments during the pendency of this injunction in the amount of Seven Hundred Dollars ($700.00), first payment due within two weeks." (*Id.*; *see* Order (#18)). This Court prohibited the foreclosure of the property located on 3705 Anthony Place, Sun Valley, Nevada, for 90 days. (Order (#18) at 1). This Court ordered Plaintiffs to "make mortgage payments of $700.00 on or before April 23, 2010; $700.00 on or before May 23, 2010; and $700.00 on or before May 23, 2010, while the injunction [was] in place." (*Id.* at 2). The Court also ordered the following conditions for return to the state mediation program:

(i) Plaintiffs must provide Defendants with all necessary financial information/documentation so a loan modification can be processed;
(ii) Defendants must have an individual, with loan modification authority, present at the mediation and provide all documents required by the state mediation program;
(iii) At the mediation, Plaintiffs are prohibited from making any argument regarding "original note," securitization, existence of the loan, or any other vapor money theories, as contained in their Complaint; and
(iv) The purpose of the mediation is only to determine if Plaintiffs qualify for

1                     a loan modification and if a loan modification can be agreed to.

2 (*Id.*). Plaintiffs did not comply with these conditions.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

### I. Defendants' Motion to Dismiss (#20)

Defendants Countrywide, Bank of America, BAC Home Loans Servicing, Recontrust Company, and MERS filed a motion to dismiss all claims against them under Rule 12(b)(6). (Mot. to Dismiss (#20); Joinder to Mot. to Dismiss (#23)).

In response, Plaintiffs file a motion to strike the motion for dismissal. (Mot. to Strike (#27) at 1). They argue that the motion does not demonstrate how their claims fail. (*Id.* at 7).

In this case, Plaintiffs' allege the following causes of action: (1) wrongful foreclosure against Recontrust; (2) failure of consideration against Capitol, Countrywide, Bank of America, and Recontrust; (3) usury; (4) breach of contract against Reconstrust; (5) ultra vires; (6) indefiniteness of contract against Capitol, Countrywide, Bank of America, and Recontrust; (7) unconscionability against Capitol, Countrywide, Bank of America, and Recontrust; (8) fraud against Capitol, Countrywide, Bank of America, and Recontrust; (9) breach and conversion under contract; (10) cancellation; (11) constructive trust; and (12) civil RICO. (Complaint (#1-1) at 17, 19, 21, 23, 25, 27, 31, 33, 35). In the complaint, Plaintiffs allege that the United States has been bankrupt since 1933 and that they believed they were being loaned "money" but, in reality, they purchased credit from the Federal Reserve through the lender. (*Id.* at 15).

1  They argue that, although the original debt still exists, the nature of the debt has changed and
2  is no longer collectible. (*Id.*).
3  With respect to the wrongful foreclosure claim, Nevada law provides that a deed of trust
4  is an instrument that may be used to "secure the performance of an obligation or the payment
5  of any debt." NRS § 107.020. If the note is transferred or assigned, the mortgage
6  automatically goes along with the transfer or assignment. *Weingartner v. Chase Home*
7  *Finance, LLC*, 702 F.Supp.2d 1276, 1283 (D. Nev. 2010). Upon default, the beneficiary, the
8  successor in interest of the beneficiary, or the trustee may foreclose on the property through
9  a trustee's sale to satisfy the obligation. NRS § 107.080(2)(c).
10 A nominee on a deed of trust has the authority, as an agent, to act on behalf of the
11 holder of the promissory note and execute a substitution of trustees. *Gomez v. Countrywide*
12 *Bank, FSB*, 2009 WL 3617650, *1 (D. Nev. 2009). As long as the note is in default and the
13 foreclosing trustee is either the original trustee or has been substituted by the holder of the
14 note or the holder's nominee, there is no defect in the Nevada foreclosure. Id. at *2.
15 In this case, Recontrust's documents establish that they became a substituted trustee
16 after it filed a notice of default. (See Substitution of Trustee & Notice of Default (#21) at 45-46,
17 48-49). Recontrust filed a notice of default on September 1st, but became a substituted
18 trustee on September 3rd. (*Id.*). Therefore, there is a statutory defect in the foreclosure.
19 Moreover, Defendants have not provided any documents establishing that BAC Home Loans
20 or Countrywide was the proper entity to execute a substitution of trustee. (*See* generally
21 Request for Judicial Notice (#21)). Thus, the Court denies Defendants' motion to dismiss the
22 wrongful foreclosure claim. With respect to the other causes of action in the complaint, the
23 Court finds that they are without merit and grants the motion to dismiss as to those claims.
24 Accordingly, the Court denies in part Defendants' motion to dismiss the wrongful foreclosure
25 claim, but grants in part Defendants' motion to dismiss all remaining claims without leave to
26 amend.
27 **II.    Preliminary Injunction Motions (#14, 19, 29)**
28 Plaintiffs filed a Motion to Strike Response to Motion for Preliminary Injunction (#14)

6

and a Motion for Amendment to Order for Preliminary Injunction (#29). Defendants filed a Motion for Reconsideration of Order Granting Preliminary Injunction (#19). The Court denies these motions as moot because the preliminary injunction period has expired. The Court also denies Defendants' request for sanctions.

During oral argument, Plaintiffs made a request for another preliminary injunction. This Court denied the request because Plaintiffs failed to comply with the conditions in the original preliminary injunction.

### III.     Plaintiffs' Other Motions (#15, #26, #27, #28, #33, #38, #66)

Plaintiffs filed the following motions: Motion for Sanctions (#15); Motion to Amend Named Defendants (#26); Motion to Strike (#27); Motion for Contempt Ruling of Court Against Defendants (#28); Motion for Request for Judicial and Court Notice (#33); Motion to Amend Proposed Order Submission (#38); and Motion for Clerk to Issue Warrant (#66). These motions are denied because they are without merit.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion to Strike Response to Motion for Preliminary Injunction (#14) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Sanctions (#15) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Reconsideration of Order Granting Preliminary Injunction (#19) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is DENIED in part as to the wrongful foreclosure claim, but GRANTED in part to all remaining claims without leave to amend (#20).

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend Named Defendants (#26) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike (#27) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Contempt Ruling of Court Against Defendants (#28) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Amendment to Order for

Preliminary Injunction (#29) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Request for Judicial and Court Notice (#33) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend Proposed Order Submission (#38) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Clerk to Issue Warrant (#66) is DENIED.

DATED: February 4, 2011

_____
United States District Judge