**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PATRICIA S. ANTHONY AND WILLIAM M. ANTHONY,

        Plaintiffs,

   v.

CAPITOL COMMERCE MORTGAGE CO., et al.,

        Defendants.

3:10-cv-169-RCJ-RAM

**ORDER**

Currently before the Court are eleven motions, all filed by *pro se* Plaintiffs Patricia S. Anthony and William M. Anthony (collectively "Plaintiffs"), pending before this Court. The Court heard oral argument on June 20, 2011.

**BACKGROUND**

**I.  Foreclosure Documents**

William M. Anthony and Patricia S. Anthony, husband and wife, (collectively "Plaintiffs") executed a note secured by a deed of trust on a piece of property located on 3705 Anthony Place, Sun Valley, Nevada, 89433. (Deed of Trust (#21) at 16, 18; *see* Note (#21) at 30). The mortgage, dated June 21, 2002, was for $214,400. (Deed of Trust (#21) at 17). The lender on the deed of trust was Capitol Commerce Mortgage Co. (*Id*. at 16).[1]  The trustee on the deed of trust was C.C.M.C. Co. (*Id*.). MERS was named "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id*.

---

[1] Plaintiffs allege that Capitol transferred the loan servicing rights to Countrywide, who later transferred the loan to Bank of America and BAC Home Loans Servicing. (Complaint (#1-1) at 11). There are no documents in Defendants' Request for Judicial Notice to establish this. (*See* Request for Judicial Notice (#21)).

at 17).

On June 1, 2009, Plaintiffs defaulted on their mortgage payments for an unspecified amount. (*See* Notice of Default (#21) at 45).

On September 1, 2009, First American Title ("First American") filed a notice of default and election to sell under the deed of trust. (*Id*.). First American was acting as an agent for Recontrust Company. (*Id*. at 46). The notice of default named Recontrust the duly appointed trustee under the deed of trust. (*Id*. at 45). The notice of default identified the breach of obligations as "failure to pay the installment of principal, interest and impounds which became due on 06/01/2009 and all subsequent installments of principal, interest and impounds, together with all late charges, plus advances made and costs incurred by the beneficiary, including foreclosure fees and costs and/or attorneys' fees." (*Id*.).

On September 3, 2009, BAC Home Loans/Countrywide Home Loans notarized a substitution of trustee and replaced Recontrust as the trustee for C.C.M.C. Co. (Substitution of Trustee (#21) at 48-49).

## II. Complaint

In their complaint, Plaintiffs named Capitol Commerce Mortgage Co., Countrywide Home Loans, MERS, Bank of America Home Loans, Recontrust Company, C.C.M.C. Co., First American National Default, BAC Home Loan Servicing LP, Timothy Geithner, and Eric Holder as defendants. (*See* Compl. (#1-1)). Plaintiffs alleged the following causes of action: (1) wrongful foreclosure against Recontrust; (2) failure of consideration against Capitol, Countrywide, Bank of America, and Recontrust; (3) usury; (4) breach of contract against Reconstrust; (5) ultra vires; (6) indefiniteness of contract against Capitol, Countrywide, Bank of America, and Recontrust; (7) unconscionability against Capitol, Countrywide, Bank of America, and Recontrust; (8) fraud against Capitol, Countrywide, Bank of America, and Recontrust; (9) breach and conversion under contract; (10) cancellation; (11) constructive trust; and (12) civil RICO. (*Id.* at 17, 19, 21, 23, 25, 27, 31, 33, 35). In the complaint, Plaintiffs alleged that the United States had been bankrupt since 1933 and that they believed they were being loaned "money" but, in reality, they had purchased credit from the Federal Reserve

through a lender. (*Id*. at 15). They argued that, although the original debt still existed, the nature of the debt had changed and was no longer collectible. (*Id*.).

### III. Order from February 4, 2011

On January 18, 2011, this Court heard oral argument on various motions[2] including Defendants Countrywide Home Loans, Inc., Bank of America, N.A., Recontrust Company, N.A., BAC Home Loan Servicing LP, and MER's (collectively "Defendants") Motion to Dismiss (#20). (*See* Order (#76) at 1). This Court found that there was a statutory defect in the foreclosure because Recontrust had become a substituted trustee after it had filed a notice of default. (*Id.* at 6). The Court found that Recontrust had filed a notice of default on September 1, 2009, but had not become a trustee until September 3, 2009. (*Id.*). The Court also noted that Defendants had not provided any documents to establish that BAC Home Loans or Countrywide were the proper entities to execute a substitution of trustee. (*Id.*). The Court denied Defendants' motion to dismiss the wrongful foreclosure claim but granted the motion to dismiss all other claims without leave to amend. (*Id.*).

## DISCUSSION

### I. Motion for Rebuttal and Protest of Sale Notice/Demand for Court Order Stopping Sale (#54)

Plaintiffs file a motion to stop a trustee's sale scheduled for December 20, 2010. (Mot. for Protest of Sale (#54) at 3). Defendants interpret this request as an motion for a preliminary injunction. (Opp'n to Mot. for Protest (#59) at 2).

As noted in this Court's previous order, the Court denied all subsequent requests for preliminary injunctions because Plaintiffs had failed to comply with the first preliminary injunction. The Court also denies this request to stop the trustee's sale that, based on the date provided, has already occurred.

### II. Motion for Request for Sanctions against Defendant Recontrust Company (#55)

Plaintiffs file a motion for sanctions against Recontrust for "serving an unsigned, un-

---

[2] The Court also denied Plaintiffs' multiple requests for preliminary injunction because Plaintiffs had failed to comply with the conditions in the original preliminary injunction. (*See* Order (#76) at 3-4, 6-7).

3

verified Nevada Notice of Trustee's Sale dated November 22, 2010 [that was] taped . . . to [the] door of [the] property along with accompanying Notice to Tenants of Property." (Mot. for Sanctions (#55) at 3).

Defendants argue that Plaintiffs, although *pro se*, are required to comply with the provisions in Fed. R. Civ. P. 11(c) when seeking sanctions. (Opp'n to Mot. for Protest (#59) at 8). Defendants argue that Plaintiffs did not comply with Rule 11's safe harbor provision requiring the movant to notify the alleged violator of the violation before filing for sanctions. (*Id.*).

Federal Rule of Civil Procedure 11 applies when an attorney or unrepresented party makes representations to the court. Fed. R. Civ. P. 11 (b). In this case, Recontrust's notice of trustee's sale was a document created outside of a court proceeding. Therefore, sanctions under Rule 11 are not applicable and the Court denies Plaintiffs' motion for sanctions against Reconstrust (#55).

**III.     Motion to Compel the Production of Documents and/or Default Judgment (#56)**

Plaintiffs file a motion to compel Defendants to produce certified copies of various documents in order to conclusively prove that Defendants have no standing and are not a legitimate party in interest to foreclose. (Mot. to Compel (#56) at 2). They assert that Defendants' objections to produce these documents are prima facie evidence of Defendants' attempt to conceal fraud. (*Id.*). Plaintiffs seek sixteen categories of documents which include: (a) all documents that will assist them in understanding Defendants' accounting processes with regard to Plaintiffs' mortgage; (b) all accounting ledger journal entries crediting Plaintiffs' original promissory note; (c) a certified copy of the trust agreement between Defendant and any bank or depository institution; (d) an identification of the source of funds used to fund the alleged mortgage since its origination; (e) an identification of the source of funds Defendants used to purchase any and all promissory notes; (f) certified copies of all checks issued by Defendants to fund the promissory note; (g) complete statement of damages and legal detriment that Defendants incurred under the original promissory note; (h) a certified copy of the Master Pooling Service Agreement; (i) names of record holders; (j) securities registration

statements; (k) no-action letters from the Securities and Exchange Commission; and (l) internal revenue documents. (*Id.* at 2-5).

Defendants respond that this motion is not ripe because there have never been any formal requests for these documents in accordance with the Federal Rules of Civil Procedure and notes that discovery has not begun in this case. (Opp'n to Mot. to Compel (#60) at 2).

This motion is without merit. First, discovery has not begun in this case. Second, the only remaining claim in this case is the wrongful foreclosure/statutory violations of NRS § 107.080 claim. The documents that Plaintiffs seek to compel are irrelevant to that claim. Accordingly, the Court denies this motion.

**IV.     Motion to Intervene (#58)**

Plaintiffs file a motion to intervene into a case that they are already plaintiffs in. (Mot. to Intervene (#58) at 1). They argue that Defendants have been treating them as "corporate fictions" and that they need to intervene as third parties "without surrendering their living, sovereign and National status." (*Id.* at 3).

Defendants respond that Plaintiffs cannot intervene into a suit in which they are already a party. (Opp'n to Mot. to Intervene (#64) at 2).

The Court denies this motion because it is without merit.

**V.      Motion to Strike (#62)**

Plaintiffs file a motion to strike the Defendants' opposition to Plaintiffs' motion for rebuttal and protest of sale and request for sanctions. (Mot. for Sanctions (#62) at 2).

The Court denies this motion because Defendants are entitled to respond.

**VI.     Petition to Strike (#68)**

Plaintiffs file a petition to strike Defendants' opposition to Plaintiffs' motion to compel the production of documents. (Pet. to Strike (#68) at 3).

The Court denies this motion because Defendants are entitled to respond.

**VII.    Motion for Sanctions against Defendants and Agents (#71)**

Plaintiffs file a motion for sanctions and argue that they did not know about the Rule 11 safe harbor requirement until Defendants raised the issue in their opposition to sanctions.

(Mot. for Sanctions (#71) at 3). In seeking sanctions, Plaintiffs rely on their previously filed motion for sanctions. (*Id.*).

Defendants respond that, since this Court's February 2011 order, they have "started the mechanics to fix the Court's perceived sequence problems in the foreclosure process." (Resp. to Multiple Documents (#80) at 2). Defendants assert that Plaintiffs keep filing multiple incoherent documents and that they are responding, but contend that they should not have to respond to documents that do not comply with Fed. R. Civ. P. 8 and 9. (*Id.* at 3). They request that the Court deny Plaintiffs' motion. (*Id.*).

In this case, the Court denies Plaintiffs' motion for sanctions (#71) because, as noted before, Rule 11 does not apply to documents created outside of a court proceeding.

**VIII.  Motion for Response/Clarification/Correction of Order (#81)**

In this motion, Plaintiffs state that they do "not consent" to this Court's February 2011 order because it appears to impact them "in a most negative manner." (Mot. for Clarification (#81) at 3). They assert that the Court should not dismiss their motions because those filings were "not 'motions' subject to dismissal by any judge." (*Id.*). They then proceed to "clarify" and "correct" this Court's order by rewriting the order's background facts and legal standard. (*Id.* at 3, 5, 7).

In response, Defendants seek guidance from this Court on how to respond to all of Plaintiffs' motions which do not make sense. (Resp. to Doc. 81 (#82) at 2). Alternatively, Defendants seek a motion to strike Document #81 or request that Plaintiffs file a more definite statement as to what they seek in that document. (*Id.*). Defendants seek an order denying whatever relief Plaintiffs seek in Document #81. (*Id.* at 3).

In this case, it appears that Plaintiffs disagree with this Court's recitation of the facts in the order. However, these facts are supported by recorded filings. Accordingly, the Court denies Plaintiffs' motion for response/clarification/correction (#81).

**IX.  Motion for Time Extension/Content Revision for Hearing (#91); Motion for Time Extension for Hearing (#95); Motion for Order for Time Extension/Content Revision for Hearing (#97)**

Plaintiffs file three motions to move the hearing on the above-referenced motions to

July 2011. Because the hearing has already taken place on these motions, the Court denies these motions (#91, 95, 97) as moot.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion for Rebuttal and Protest of Sale Notice/Demand for Court Order Stopping Sale (#54) is DENIED.

IT IS FURTHER ORDERED that the Motion Request for Sanctions against Defendant Recontrust (#55) is DENIED.

IT IS FURTHER ORDERED that the Motion for Plaintiff's Petition to Compel the Production of Documents or Default Judgment (#56) is DENIED.

IT IS FURTHER ORDERED that the Motion to Intervene (#58) is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike (#62) is DENIED.

IT IS FURTHER ORDERED that the Petition to Strike (#68) is DENIED.

IT IS FURTHER ORDERED that the Motion for Sanctions against Defendants and Agents (#71) is DENIED.

IT IS FURTHER ORDERED that the Motion for Response/Clarification/Correction of Order (#81) is DENIED.

IT IS FURTHER ORDERED that the Motion for Time Extension/Content Revision for Hearing (#91) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Time Extension for Hearing (#95) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Order for Time Extension/Content Revision for Hearing (#97) is DENIED as moot.

DATED: This 5th day of July, 2011.

_____
United States District Judge