# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PATRICIA S. ANTHONY and WILLIAM M. ANTHONY,

        Plaintiffs,

   v.

CAPITOL COMMERCE MORTGAGE CO., et al.,

        Defendants.

3:10-cv-169-RCJ-WGC

**ORDER**

Currently before the Court is Certain Defendants' Renewed Motion to Dismiss (#109). The Court heard oral argument on February 13, 2012.

## BACKGROUND

**I.      Foreclosure Facts**

William M. Anthony and Patricia S. Anthony, husband and wife, (collectively "Plaintiffs") executed a note secured by a deed of trust on a piece of property located on 3705 Anthony Place, Sun Valley, Nevada, 89433. (Deed of Trust (#21) at 16, 18; *see* Note (#21) at 30). The mortgage, dated June 21, 2002, was for $214,400. (Deed of Trust (#21) at 17). The lender on the deed of trust was Capitol Commerce Mortgage Co. (*Id*. at 16).[1] The trustee on the deed of trust was C.C.M.C. Co. (*Id*.). MERS was named "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id*.

---

[1] Plaintiffs allege that Capitol transferred the loan servicing rights to Countrywide, who later transferred the loan to Bank of America and BAC Home Loans Servicing. (Complaint (#1-1) at 11).

at 17).[2]

On June 1, 2009, Plaintiffs defaulted on their mortgage payments for an unspecified amount. (*See* Notice of Default (#21) at 45).

On September 1, 2009, First American Title ("First American") filed a notice of default and election to sell under the deed of trust. (*Id*. at 46). First American was acting as an agent for Recontrust Company. (*Id*.). The notice of default named Recontrust the duly appointed trustee under the deed of trust. (*Id*. at 45). The notice of default identified the breach of obligations as "failure to pay the installment of principal, interest and impounds which became due on 06/01/2009 and all subsequent installments of principal, interest and impounds, together with all late charges, plus advances made and costs incurred by the beneficiary, including foreclosure fees and costs and/or attorneys' fees." (*Id*.).

On September 3, 2009, BAC Home Loans/Countrywide Home Loans notarized a substitution of trustee and replaced Recontrust as the trustee for C.C.M.C. Co. (Substitution of Trustee (#21) at 48-49).

### B. Procedural History

In March 2010, Plaintiffs, *pro se*, filed a complaint against Capitol Commerce Mortgage Co, Countrywide Home Loans, MERS, Bank of America Home Loans, Recontrust Company, C.C.M.C. Co., First American National Default, BAC Home Loan Servicing LP, Timothy Geithner, and Eric Holder. (Compl. (#1-2) at 1). Plaintiffs alleged twelve causes of action. (Compl. (#1-2) at 17, 19, 21, 23, 25, 27, 31, 33, 35). This Court dismissed all causes of action without leave to amend except for Plaintiff's wrongful foreclosure claim. (Order (#76) at 6). This Court found the following:

> In this case, Recontrust's documents establish that they became a substituted trustee after it filed a notice of default. (*See* Substitution of Trustee & Notice of Default (#21) at 45-46, 48-49). Recontrust filed a notice of default on September 1st, but became a substituted trustee on September 3rd. (*Id.*). Therefore, there is a statutory defect in the foreclosure. Moreover, Defendants have not provided any documents establishing that BAC Home Loans or Countrywide was the proper entity to execute a substitution of trustee. (*See*

---

[2] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

2

*generally* Request for Judicial Notice (#21)).  Thus, the Court denies Defendants' motion to dismiss the wrongful foreclosure claim.

(Order (#76) at 6).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss.  However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations;  rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555, 127

S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

Defendants file a renewed motion to dismiss the wrongful foreclosure claim. (Renewed Mot. to Dismiss (#109) at 1). Defendants executed a new substitution of trustee and a new notice of default. (*Id.* at 2). Defendants exhibits demonstrate that, on September 1, 2009, MERS, as nominee for the lender, executed a corporation assignment of deed of trust and transferred all beneficial interest in the deed of trust to BAC Home Loans Servicing LP. (Assignment of Deed of Trust (#109) at 6). On April 29, 2011, BAC Home Loans Servicing LP executed a substitution of trustee and replaced Recontrust Company as the trustee for C.C.M.C. Co. (Substitution of Trustee (#109) at 8-9). That same day, Recontrust Company executed a notice of default and election to sell and later recorded it with the Washoe County Recorder's office. (Notice of Default (#109) at 11-12). The notice of default stated that Plaintiffs had failed to pay the installment of principal, interest, and impounds since June 1, 2009. (*Id.* at 11). Defendants also request an order from this Court "removing any *lis pendens*, 'UCC liens,' 'security instruments,' 'notices,' or any other equivalent document, however named, that Plaintiffs have filed with the Washoe County Recorder's Office which seek to cloud title to the Property and prevent foreclosure." (Renewed Mot. to Dismiss (#109)

at 3-4).

Plaintiffs filed a response and Defendants filed a reply. (Opp'n to Renewed Mot. to Dismiss (#117); Reply to Renewed Mot. to Dismiss (#118)).

The Court grants the motion to dismiss the remaining wrongful foreclosure claim. The recorded documents demonstrate that Recontrust had been properly substituted as a trustee before executing the notice of default. As such, the Court dismisses the remaining cause of action without leave to amend. Additionally, the Court orders Plaintiffs to remove any document that Plaintiffs have filed with the Washoe County Recorder's office that seeks to prevent Defendants from foreclosing on the property. The Court also expunges any notice of lis pendens that may be on the property.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Certain Defendants' Renewed Motion to Dismiss (#109) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that Plaintiffs remove any document that they have filed with the Washoe County Recorder's office that seeks to prevent Defendants from foreclosing on the property. The Court expunges any notice of lis pendens that may be on the property.

The Clerk of the Court shall enter judgment accordingly.

DATED: This _15th_ day of February, 2012.

_____
United States District Judge